UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOREY L. MARCUS, | : |
| Plaintiff, | : Civil Action No. 04-574 (AET) |
| v. | : **MEMORANDUM & ORDER** |
| MALAKA UMRANI, et al., | : |
| Defendants. | : |

This matter having come before the Court on the motions of Defendants Malaka Umrani, Mary Amato, Mary Thomas, and Donald Mee, Jr. for summary judgment pursuant to Fed. R. Civ. P. 56; and the Court having reviewed and considered Defendants' written submissions pursuant to Fed. R. Civ. P. 78; and the Court noting that Defendants' motions are unopposed; and the Court noting that Defendants' statement of uncontested facts is deemed admitted, White v. Camden City Bd. of Educ., 251 F. Supp. 2d 1242, 1246 n.1 (D.N.J. 2003); and the Court further noting that Defendants Umrani, Amato, and Mee did not directly treat Plaintiff for the problems with his feet; and the Court further noting that supervisors are not liable under § 1983 solely on a theory of respondeat superior, Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978), but are instead liable only when there is personal involvement in the alleged wrongs or actual knowledge and acquiescence, Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); and the Court further noting that Plaintiff has provided no evidence regarding Defendants Umrani, Amato, or Mee's personal involvement, knowledge or acquiescence in his complaints of medical mistreatment; and the Court further noting that there is no evidence that these Defendants directed others to violate Plaintiff's rights or that they

maintained a policy that deprived Plaintiff of his rights; and the Court further noting that, in the case of Defendant Mee, a failure to respond to Plaintiff's medical complaints is not deliberate indifference, as Plaintiff was already under the care of prison physicians, see Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993); and the Court further noting that, although Defendant Thomas, a nurse practitioner, provided medical care to Plaintiff regarding his foot problems, the record indicates that she was not deliberately indifferent to Plaintiff's needs, but instead was quite attentive to Plaintiff's complaints by seeing him frequently, providing medicine and arch supports, consulting with CMS doctors regarding Plaintiff's needs, and following the doctors' conclusion that there was no need for the medical department to obtain special boots; and for good cause shown,

IT IS on this 3rd day of June 2005,

ORDERED that Defendant Umrani, Amato, and Thomas's motion for summary judgment [21-1] is GRANTED, and it is further

ORDERED that Defendant Mee's motion for summary judgment [23-1] is GRANTED, and it is further

ORDERED that Defendants notify the Court, within 10 days of the date of entry of this Order, whether they intend to pursue their cross-claims.

s/Anne E. Thompson

ANNE E. THOMPSON, U.S.D.J.